FILED

2025 Apr-14  PM 02:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROCKET CITY SHOWGIRLS,** **LLC, et al.,** | ] ] ] | |
| **Plaintiffs,** | ] ] | |
| **v.** | ] ] | **Case No.: 2:24-cv-1664-ACA** |
| **ALABAMA ALCOHOLIC** **BEVERAGE CONTROL BOARD** **et al.,** | ] ] ] ] | |
| **Defendants.** | ] ] | |

## <u>MEMORANDUM OPINION</u>

Plaintiffs Rocket City Showgirls, LLC and The Cheetah Club, LLC (collectively, "the Clubs") filed this lawsuit against Defendants Alabama Alcoholic Beverage Control Board, the Madison County, Alabama Commission, and various individual defendants. (Doc. 1). All defendants moved to dismiss on the ground that the Clubs have twice filed impermissible shotgun pleadings under *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320–21 (11th Cir. 2015), among other reasons. (*See* docs. 9–10). In response, the Clubs moved for leave to file a second amended complaint. (Doc. 15).

Because the Clubs' motion for leave to file their second amended complaint is futile, the court **WILL DENY** the motion. (*Id.*). The court **WILL GRANT IN PART** and **WILL DENY AS MOOT IN PART** Defendants' motions to dismiss.

(Docs. 9–10). Because the court agrees that the Clubs have repeatedly filed shotgun pleadings of the third type, the court **WILL GRANT** Defendants' motions as to Counts One and Two—to the extent those counts assert federal claims—and **WILL DISMISS** those claims **WITH PREJUDICE**. Because the court resolves the only claims over which it has original jurisdiction, the court **WILL DECLINE** to exercise supplemental jurisdiction over the remaining state law claims and **WILL DISMISS** those claims **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, the court **WILL DENY AS MOOT** Defendants' motions to dismiss the state law claims. (Docs. 9–10).

## I.     BACKGROUND

The court determined the Clubs' initial complaint was a shotgun pleading and *sua sponte* ordered them to replead it in conformity with the Federal Rules of Civil Procedure. (Doc. 5). The court noted that the complaint was a shotgun complaint of the third type under *Weiland* because one count ("Count One") asserted constitutional claims under the Alabama Constitution and the First, Fifth, and Fourteenth Amendments of the U.S. Constitution "without separating each claim into a different count and incorporating the factual allegations" therein. (Doc. 5 at 3) (citing doc. 1 at 37; *id.* ¶¶ 127–31). The complaint was also a shotgun pleading of the fourth type because it asserted claims against multiple defendants without specifying the defendants against whom the claims were asserted. (Doc. 5 at 3).

The Clubs then filed their first amended complaint, which contains 131 "general allegations" and alleges four counts. (Doc. 6). Counts One and Two incorporate all 131 general allegations and purport to assert First, Fifth, and Fourteenth Amendment claims under the U.S. Constitution through 42 U.S.C. § 1983, as well as violations of the right to free expression, substantive due process, and procedural due process under the Alabama Constitution. (*Id.* ¶¶ 132–41). Counts Three and Four assert state law claims. (*Id.* ¶¶ 142–50). All four counts incorporate ¶ 131 (*id.* ¶¶ 132, 137, 142, 147), which alleges violations of the First Amendment, the right to free expression under the Alabama Constitution, equal protection, state police power, the nondelegation doctrine, due process, and Art. X, § 6 of the Alabama Constitution (doc. 6 ¶ 131).

## II.    DISCUSSION

Defendants move to dismiss the action with prejudice on the ground that the Clubs failed to fix the pleading deficiencies characteristic of the third type of shotgun pleadings.[1] (Doc. 9 at 4–6; doc. 10 at 1; *see also* doc. 11). In response to the motions to dismiss (docs. 9–10), the Clubs ask the court for leave to file their second amended complaint and attach a proposed second amended complaint that "attempt[s] to

---

[1] Defendants also move to dismiss the action on other grounds, including that the first amended complaint represents other types of shotgun pleadings under *Weiland*, and that the Clubs lack standing to sue the Madison County Commission and the individual commissioners. (*See generally* docs. 9, 11). Because the court finds that the federal claims are due to be dismissed with prejudice as representing the third type of shotgun pleading, the court will not consider Defendants' other arguments.

address Defendants' issues" (doc. 15 at 2; *see also* doc. 15-1). The Clubs do not dispute that their first amended complaint is a shotgun complaint, nor do they explain how the proposed second amended complaint cures the deficiencies identified by the court or Defendants. (*See generally* doc. 15). In their reply briefs, Defendants contend that the Clubs' proposed second amended complaint "again falls into the third category of shotgun complaints . . . by grouping" together claims arising from the Alabama Constitution and the First, Fifth, and Fourteenth Amendments of the U.S. Constitution into single counts. (Doc. 17 at 4; *see also* doc. 16 at 5–7).

As the court previously explained (*see* doc. 5 at 2–3), Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." And Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Pleadings "that violate either Rule 8(a)(2) or Rule 10(b), or both, are . . . referred to as 'shotgun pleadings.'" *Weiland*, 792 F.3d at 1320. Shotgun pleadings fall into "four rough types or categories." *Id.* at 1321. Relevant to this case, the third type of shotgun pleading is one that does "not separate[e] into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1323.

"When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). The court's repleading order must "explain how the offending party violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." *Id.* After giving the counseled party one opportunity to amend, the district court may "dismiss with prejudice if the party has neither filed a compliant pleading nor asked for leave to amend." *Id.*

It is within this court's authority to dismiss the first amended complaint's first and second counts with prejudice. *See id.* The Clubs are counseled, and the court *sua sponte* ordered them to replead, citing the fact that "Count One asserts constitutional claims under the First, Fifth, and Fourteenth Amendments, as well as under the Alabama Constitution, without separating each claim into a different count" or "incorporating the [relevant] factual allegations" therein. (Doc. 5 at 3) (citing doc. 1 ¶¶ 127–31; *Weiland*, 792 F.3d at 1323). Instead of separating Count One into separate claims for the six different causes of action asserted, the Clubs' first amended complaint asserts the exact same Count One, with the same problematic allegations as in the initial complaint. (*Compare* doc. 6 ¶¶ 132–36, *with* doc. 1 ¶¶ 127–31). Even more problematic, the Clubs' first amended complaint added a

second shotgun count ("Count Two"), asserting the same six causes of action against a different group of defendants. (Doc. 6 ¶¶ 137–41). And to make matters worse, Counts One and Two in the Clubs' first amended complaint incorporate ¶ 131 (*id.* ¶¶ 132, 137), which itself contains at least four claims independent of those asserted in Counts One and Two (*compare id.* ¶¶ 134–35, 139–40, *with id.* ¶ 131).

It is true that in *Vibe Micro*, the plaintiff "did not ask the district court for leave to amend," so "the district court was not required to . . . give him any additional chances to" amend, 878 F.3d at 1296, whereas here, the Clubs seek leave to amend a second time (*see* doc. 15). However, the Clubs' motion for leave to amend is futile because their proposed second amended complaint repeats the exact same deficiencies described above that were in the Clubs' initial *and* first amended complaints. (*Compare* doc. 15-1 ¶¶ 133–42, *with* doc. 6 ¶¶ 127–41, *with* doc. 1 ¶¶ 127–31). That is, despite this court's clear instructions (*see* doc. 5 at 3), and Defendants' briefs describing the deficiencies (*see* doc. 9 at 4–6; doc. 11 at 7–8), the Clubs seek to file a third complaint (their second amended complaint) that still embodies the third type of shotgun complaint discussed in *Weiland*, 792 F.3d at 1320–23.

To permit the Clubs to file their third shotgun pleading would "waste scarce judicial resources," and the Clubs have already exhausted their "one chance to remedy" the initial complaint. *Vibe Micro*, 878 F.3d at 1295. Accordingly, the court

**WILL DENY** the Clubs' motion for leave to file a second amended complaint (doc. 15), and **WILL GRANT** Defendants' motions to dismiss Counts One and Two (docs. 9–10). The court **WILL DISMISS** Counts One and Two **WITH PREJUDICE**, to the extent those counts assert federal claims. And because the court resolves the only claims over which it has original jurisdiction, the court **WILL DECLINE** to exercise supplemental jurisdiction over the remaining state law claims and **WILL DISMISS** those claims **WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1367(c)(3). Accordingly, the court **WILL DENY AS MOOT** Defendants' motions to dismiss the state law claims. (Docs. 9–10).

### III.    CONCLUSION

Because the Clubs' motion for leave to file a second amended complaint is futile, the court **WILL DENY** the motion. (Doc. 15). The court **WILL GRANT IN PART** and **WILL FIND AS MOOT IN PART** Defendants' motions to dismiss. (Docs. 9–10). The court **WILL GRANT** Defendants' motions to dismiss Counts One and Two—to the extent those claims assert federal claims—and **WILL DISMISS** those claims **WITH PREJUDICE**. Because the court resolves the only claims over which it has original jurisdiction, the court **WILL DECLINE** to exercise supplemental jurisdiction over the remaining state law claims and **WILL DISMISS** those claims **WITHOUT PREJUDICE** pursuant to 28 U.S.C.

§ 1367(c)(3). Therefore, the court **WILL DENY AS MOOT** Defendants' motions to dismiss to the extent they request dismissal of the state law claims with prejudice.

**DONE** and **ORDERED** this April 14, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE